# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| **HENRY T. ROARK**, | ) |
| Plaintiff, | ) Case No. 6:05CV00041 |
| v. | ) **OPINION AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| Defendant. | ) Chief United States District Judge |

*Joseph A. Sanzone, Sanzone & Baker, P.C., Lynchburg, Virginia for Plaintiff; Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for Defendant.*

In this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 2671-2680 (West 1994 & Supp. 2006), the court previously found in favor of the injured plaintiff, determined his damages, and entered judgment against the United States. The government has now filed a motion asking the court to reconsider a portion of the court's opinion in which it explained its damages award. *See Roark v. United States*, No. 6:05CV00041, 2006 WL 2925651, at *6 n.8 (W.D. Va. Oct. 13, 2006).[1]

It appearing proper, the government's motion will be granted and footnote 8 of the court's opinion dated October 13, 2006, is hereby amended to read as follows:

---

[1] The government does not request the court to reconsider the amount of the award.

8. While under Virginia law, a defendant in a tort case is not entitled to a reduction in an award of future lost wages to reflect the income taxes that would have been paid on the earnings, such a reduction for federal income taxes has been approved in FTCA cases. As stated by the Fourth Circuit in *Flannery v. United States*, 718 F.2d 108, 111 (4th Cir. 1983), "it has now been repeatedly held that federal income taxes must be deducted in computing lost future earnings, notwithstanding the fact that such deductions are not permitted under state law." However,"the burden is on the government to raise the issue and to prove the extent of the reduction." *Musick v. United States*, 781 F. Supp. 445, 453 (W.D. Va. 1991); s*ee also Jovanovich v. United States*, 813 F.2d 1035, 1037 (9th Cir. 1987); *Barnes v. United States*, 685 F.2d 66, 69 (3d Cir. 1982); *United States v. Cline*, 410 F.2d 1337, 1343 (9th Cir. 1969). The government has not raised the issue in this case and takes the position that the holding in *Flannery* has been "effectively overruled" by *Molzof v. United States*, 502 U.S. 301 (1992). In any event, in the absence of any evidence in that regard, a reduction in future lost earnings for federal income taxes will not be applied.

It is so **ORDERED**.

ENTER: November 1, 2006

/s/ JAMES P. JONES
Chief United States District Judge